# IN THE DISTRICT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No. 3:13-CR-00560 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | **DENYING DEFENDANT'S** |
| Jerry Jackson, Jr., | ) | **MOTION TO SUPPRESS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's motion to suppress evidence filed on November 21, 2013. Dkt. No. 65. Defendant seeks to suppress evidence derived from the search conducted on Defendant's rental car on January 18, 2013. The Government filed a response on December 2, 2013. Dkt. No. 69. The court held a hearing on Defendant's motion on December 3, 2013. For reasons stated below, Defendant's motion to suppress is denied.

## BACKGROUND

On January 11, 2013, Officer Lutz applied for a state search warrant to search the premises at 137 Botany Drive in Columbia, South Carolina. Officer Lutz included an affidavit to support his warrant application, providing the following facts:

> In April of 2012, the Richland County Sheriff's Department received an anonymous tip through Crime Stoppers concerning suspected drug activity at 137 Botany Drive. The tipster reported lots of traffic at the residence as well as transactions taking place. The tipster identified a vehicle involved with the suspected drug activity as a burgundy Chevrolet Tahoe with a South Carolina tag of FKS825. Police discovered that the tag belongs to a 2003 Chevrolet Tahoe registered to Cyra S. Henderson at 137 Botany Drive.
>
> A records check indicated that the following individuals have South Carolina driver's licenses reflecting 137 Botany Drive as their address: Cyra S. Henderson, Viola B. Alford, Troy A. Alford, Alfonso R. Alford, Kyle L. Barton, and Robert L. Henderson. A criminal history check of those individuals revealed the following relevant information:

Cyra S. Henderson: various arrests from 1992 to 2007, but no arrests for illegal drug activities;

Alfonso R. Alford: a 2010 arrest for PWID cocaine near a school, PWID crack cocaine, and simple possession of marijuana;

Kyle L. Barton: a 2004 arrest for simple possession of marijuana; and

Robert L. Henderson: two 2004 arrests for simple possession of marijuana; a 2004 arrest for PWID cocaine, PWID cocaine near a school, and possession of crack; a 2005 arrest for PWID crack.

In January of 2013, the Richland County Sheriff's Department received information from a "concerned citizen" suspecting drug activity taking place at 137 Botany Drive. The concerned citizen reported witnessing suspected drug transactions between residents of 137 Botany Drive and people who come to the residence for a very short visit. The concerned citizen indicated that on occasion, a dark colored Dodge Charger with a Florida tag of AWYB27 comes to the residence mostly on weekends and is occupied by two heavy set black males. Once the Dodge Charger arrives at the residence, activity increases as several vehicles begin to arrive and make short visits to the residence. The concerned citizen stated that a black female, who resides at the residence and operates a Burgundy Chevrolet Tahoe with a South Carolina tag of FKS825, conducts transactions. The concerned citizen reported that other residents operate a Black Cadillac and Black Camaro. Police discovered that the Florida tag belongs to a Dodge Charger registered to Headson L. Cameron of Pahokee, Florida. Arrest records reflect Headson Lee Cameron was arrested in 1986 for carrying a concealed weapon.

On January 9, 2013, Officer Lutz conducted a trash pull at 137 Botany Drive. "Examination of the trash revealed items of drug paraphernalia, paperwork bearing the names Viola Alford, Cyra Henderson & Simone Henderson all with the address of 137 Botany Dr, a piece of plastic that contained a small quantity of suspected marijuana and a partially burnt hand rolled cigarette that contained suspected marijuana."

Dkt. No. 65-1 at 3-6.[1] Officer Lutz also included in the affidavit that he had extensive training and experience in narcotics. *Id.* at 5-6. Based on this information, Officer Lutz requested a search

---

[1] The facts are summarized from the affidavit and, unless included in quotation marks, are not quoted.

warrant to search the "residence to further this ongoing investigation into the illegal possession/sale of marijuana." *Id.* at 5.

The magistrate issued a search warrant to search 137 Botany Drive, including all persons and vehicles at the premises. On January 18, 2013, law enforcement executed the search warrant. At that time, Defendant was located in his rental car in the driveway at the premises. Law enforcement found $2137 in Defendant's front pocket. Crack cocaine was discovered in the wheel well of Defendant's rental vehicle.

## STANDARD

"The search of private property without proper consent violates the Fourth Amendment's prohibition against unreasonable searches unless it has been authorized by a valid search warrant or it falls within certain carefully defined classes of cases that permit warrantless searches." *United States v. Perez*, 393 F.3d 457, 460 (4th Cir. 2004) (internal quotation marks omitted) (citing *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 528-29 (1967)). Search warrants must be supported by probable cause. A magistrate presented with a search warrant application must:

> make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . ., including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983). "Evidence obtained in violation of the Fourth Amendment, of course, is generally subject to suppression under the exclusionary rule." *Perez*, 393 F.3d at 460.

In reviewing the magistrate's probable cause determination, "great deference" must be accorded to the magistrate's assessment of the facts presented to him or her. *United States v. Montieth*, 662 F.3d 660, 664 (4th Cir. 2011). *See also United States v. Blackwood*, 913 F.2d 139,

142 (4th Cir. 1990) (citing *Spinelli v. United States,* 393 U.S. 410 (1969)).  A reviewing court need only determine "whether there was a 'substantial basis for determining the existence of probable cause.'" *Montieth*, 662 F.3d at 664 (quoting *Gates*, 462 U.S. at 239).  In reviewing a probable cause determination, a court may consider only "the information presented to the magistrate who issued the warrant." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996).

### DISCUSSION

**Probable Cause.**  Defendant argues that the search warrant was not supported by probable cause.  Defendant contends the affidavit supporting the warrant application was based on two anonymous tipsters, whose reliability and basis of knowledge was not explained.  Further, Defendant submits the arrest records for individuals associated with the residence did not provide probable cause because (1) the records listed only arrests, not convictions, (2) one individual did not have any arrests for illegal drug activity, (3) many of the arrests were old, and (4) one individual was dead at the time of the warrant application.  Finally, Defendant claims the items seized from the trash pull at the residence did not provide probable cause because (1) the piece of plastic containing suspected marijuana and the partially smoked cigarette with suspected marijuana suggest personal use, as opposed to distribution, of marijuana; (2) Officer Lutz did not conduct a field test or lab test on the "suspected marijuana" prior to the warrant application; and (3) although the affidavit stated that "drug paraphernalia" was found in the trash, Defendant's counsel did not observe any drug paraphernalia when he reviewed the evidence box from the trash pull.  Having reviewed the warrant and supporting affidavit, and having conducted an evidentiary hearing, the court finds, for reasons explained below, that the search warrant was supported by probable cause.

In determining whether probable cause supported a search warrant, the court considers the

"totality of the circumstances." *Gates*, 462 U.S. at 238. When probable cause is based on a person supplying information, two factors are key to this analysis: (1) the person's "veracity" or "reliability" and (2) his or her "basis of knowledge." *Id.* at 233. The Fourth Circuit has explained that, when evaluating whether an individual's tip established probable cause, "the degree to which the report is corroborated is an important consideration." *See Wilhelm*, 80 F.3d at 119 (citing *United States v. Lalor*, 996 F.2d 1578, 1581 (4th Cir. 1993)).

The court agrees with Defendant that information provided in the affidavit about the two tips does not, alone, provide probable cause to support a search warrant. Similar to *Wilhelm*, the affidavit relayed details from two sources – one caller to the anonymous Crime Stoppers tip line, and another "concerned citizen" (hereinafter described as "tipsters") – but did not provide any information as to the tipsters' veracity or reliability or the tipsters' basis of knowledge. It is not clear from the affidavit how the tipsters received their information or why Officer Lutz believed that the two tipsters were reliable.[2] In fact, Officer Lutz did not state in the affidavit whether he spoke to either of the tipsters personally, either on the phone or in person.[3] Officer Lutz did state that he corroborated certain information provided by the tipsters, specifically that the South Carolina tag number in fact belonged to a car registered to an individual listing 137 Botany Drive as her residence. Officer Lutz also found that there was a Dodge Charger with a Florida tag of AWYB27,

---

[2] Officer Lutz provided additional information about the tips at the hearing. This information, however, may not be considered because this information was not provided to the magistrate, who testified she did not receive any additional information outside of the warrant application.

[3] Officer Lutz testified that he, in fact, spoke to the concerned citizen on the telephone prior to applying for the warrant.

registered to a man with a 1986 arrest for carrying a concealed weapon. None of this information, however, corroborates the tipsters' accounts that drug activity was being conducted at 137 Botany Drive. As explained by the Fourth Circuit in *Wilhelm*, corroborating "innocuous details" provided by an anonymous tipster is insufficient. 80 F.3d 116, 121 ("Almost anyone can give directions to a particular house without knowing anything of substance about what goes on inside that house, and anyone who occasionally watched the evening news can make generalizations about what marijuana looks like and how it is packaged and sold.). The affidavit did not state that law enforcement engaged in any surveillance to corroborate the tipsters' reports of increased vehicle traffic on weekends or short visits.

The court further finds that the arrest records of individuals listing 137 Botany Drive as their residence on their driver's licenses do not provide probable cause alone or in connection with the tips. Although four individuals with that address had arrest records, one died in 2010, one had never been arrested in connection with any illegal drug activity, one was arrested for simple possession of marijuana in 2004, and one was arrested for possession with intent to distribute cocaine in 2010. Nothing from the arrest records, alone, provides a basis to believe there is "a fair probability that contraband or evidence of a crime will be found in a particular place."

Although Defendant attempts to show deficiencies with the trash pull, the court finds that evidence seized from the trash pull, in connection with the tips and arrest records of individuals listed as residing at 137 Botany Drive, provides probable cause to support the search warrant. Defendant first argues that the items seized from the trash pull at the residence did not provide probable cause because the piece of plastic containing suspected marijuana and the partially smoked cigarette with suspected marijuana suggest personal use, as opposed to distribution, of marijuana.

6

Although evidence from the trash pull suggests personal use, courts have found evidence seized from trash suggesting personal use of marijuana establishes probable cause to support a search warrant. *See United States v. Allebach*, 526 F.3d 385 (8th Cir. 2008) (evidence of two plastic bags with cocaine residue, two corners torn from plastic bags, Brillo pads, and a film canister with white residue, recovered from trash pull, was sufficient to establish probable cause that cocaine was being possessed and consumed in Defendant's residence); *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003) (holding marijuana seeds and stems found in garbage are sufficient stand-alone evidence to establish probable cause, and acknowledging that "simple possession of marijuana seeds is itself a crime under both federal and state law"); *United States v. Colonna*, 360 F.3d 1169, 1175 (10th Cir. 2004) (rejecting defendant's argument that evidence seized from trash pull indicating only personal use is insufficient to provide probable cause for search warrant). Simple possession of marijuana is a federal and state crime. *See* 21 U.S.C. § 802(16) (listing marihuana as a controlled substance); 21 U.S.C. § 844(a) (making it unlawful to knowingly possess a controlled substance); S.C. Code § 44-53-190(D)(11) (listing marijuana as a controlled substance); S.C. Code § 44-53-370(c) (making it unlawful to knowingly possess a controlled substance).

Second, Defendant contends that Officer Lutz's failure to conduct a field test or lab test on the "suspected marijuana" prior to the warrant application precludes a finding of probable cause. Defendant does not cite any authority for his position. Officer Lutz did not make any misrepresentation as to the substance in the cigarette and in the plastic bag – he specifically described it as "suspected marijuana." Further, as explained in the affidavit, Officer Lutz had extensive drug training and experience, which would provide him with a basis for his suspicion. *See United States v. Gary*, 528 F.3d 324, 327 (4th Cir. 2008) ("[A] finding of probable cause does not

require absolute certainty.").

Finally, Defendant implies that Officer Lutz overstated the evidence seized in the trash pull. Although the affidavit stated that "drug paraphernalia" was found in the trash, Defendant's counsel indicated he did not observe any drug paraphernalia when he reviewed the evidence from the trash pull. Officer Lutz testified that, in addition to the partially smoked marijuana cigarette and the piece of plastic containing suspected marijuana, he found latex gloves, cigar wrappers, and plastic with a brown substance. Officer Lutz testified that, based on his experience, latex gloves are often used to avoid contact with certain drugs and cigar wrappers are used to make blunts containing marijuana. The court examined the bag containing the evidence seized from the trash pull and it was consistent with Officer Lutz's testimony. The court, therefore, finds that Officer Lutz's characterization of "drug paraphernalia" was not a misstatement and was properly included in his affidavit. Nevertheless, even without consideration of drug paraphernalia, the court finds that the partially smoked cigarette with suspected marijuana and the piece of plastic containing a small amount of suspected marijuana make it probable that marijuana was possessed and used at 137 Botany Drive. Considering the evidence seized from the trash pull on January 9, 2013 in light of the tips (including a tip earlier in January 2013), as well as the arrest records indicating that certain residents of the home had criminal histories of drug arrests, the court finds that the magistrate had probable cause to believe there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 442 U.S. at 238.

**Good-Faith Exception.** Even if the warrant lacked probable cause, the court finds that the good-faith exception to the exclusionary rule applies. In *United States v. Leon*, 468 U.S. 897, 913 (1984), the Supreme Court held that evidence obtained pursuant to a search warrant issued by a

neutral magistrate need not be excluded if the officer's reliance on the warrant was "objectively reasonable." "[T]he good-faith exception is not available where (1) probable cause is based on statements in an affidavit that are knowingly or recklessly false; (2) the magistrate fails to perform a 'neutral and detached' function and instead merely rubber stamps the warrant; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid." *Gary*, 528 F.3d at 329.

Defendant argues that the good-faith exception should not apply because "the affidavit is but a 'bare bones' compilation of conclusory statements," "the affidavit does not provide a magistrate with a substantial basis for determining the existence of probable cause," and "the warrant is so facially defective that a reasonable officer could not rely on it." Dkt. No. 65-5 at 20. Defendant relies on *Wilhelm*, in which the Fourth Circuit refused to apply the good-faith exception to a search warrant based solely on an uncorroborated anonymous tip from a person described as a "concerned citizen." Although Defendant contends that the facts here are similar to *Wilhelm* because there was no corroboration through independent police investigation, Officer Lutz searched the trash in front of 137 Botany Drive, which led to the discovery of suspected marijuana in a piece of plastic and a partially-smoked cigarette containing suspected marijuana, as well as drug paraphernalia. That evidence, in addition to the tips and arrest records, was used to support the warrant application. The court, therefore, finds that *Wilhelm* is distinguishable.

The affidavit here is not bare bones. Although the police could have further corroborated or explained the tipsters' basis for knowledge and reliability, the police chose to conduct a trash pull at the residence, in which evidence of marijuana possession and use were found. The affidavit set forth a combination of evidence that provides a substantial basis for determining the existence of

probable cause: suspected marijuana seized from trash at 137 Botany Drive – the suspicion of which is based on a police officer's extensive training and experience in narcotics – the two tips reporting illegal drug activity at 137 Botany Drive, and the arrest records of individuals reported by the South Carolina Department of Motor Vehicles as residing at 137 Botany Drive. *See also United States v. Boomer*, 165 Fed. Appx. 266 (4th Cir. 2006) (applying good faith exception to search warrant based on affidavit from police officer with extensive narcotics training, who summarized evidence from trash pull as marijuana plant seeds and stems, sandwich bags, and piece of mail with resident's address).

Further, the warrant is not "so facially deficient that the executing officer could not reasonably have assumed it was valid." Examples of facially deficient warrants include those that fail to particularize the place to be searched or the things to be seized. Defendant has failed to identify how the warrant is facially deficient. Reviewing the warrant, the court finds that it adequately identifies the premises to be searched (137 Botany Drive), and includes any persons and vehicles at the premises. The warrant also sets forth property to be seized, including marijuana, cell phones, and "paraphernalia and paperwork associated with the manufacture, sale, storage and use of controlled substances."

The court also does not find that probable cause was based on statements in an affidavit that were knowingly or recklessly false. To the extent Officer Lutz knowingly or recklessly omitted that Robert L. Henderson was deceased, the court finds that probable cause is not dependent on his arrest record. Three additional alleged residents had arrest records, two of whom had prior arrests for drug activity.

Finally, there is no evidence the magistrate abandoned her judicial role in issuing the search warrant. The warrant application was properly supported by an affidavit, and the resulting warrant

was particularized to the facts in the affidavit. The magistrate testified that she received no information beyond that contained in the affidavit.

Having found that the search warrant was valid because it was supported by probable cause, or alternatively under the good faith exception, the court need not consider whether Defendant's consent justified the search or the issue of the dog sniff.

## CONCLUSION

For the reasons stated above, the court denies Defendant's motion to suppress the evidence seized on January 18, 2013.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 4, 2013